IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOLITA S. JOHNSON, ) | |
| # 209352, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv393-TMH |
| ) | (WO) |
| CYNTHIA S. WHEELER-WHITE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a petition under 28 U.S.C. § 2254 for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama.

**I.   INTRODUCTION**

On October 3, 2007, the petitioner, Tolita S. Johnson ("Johnson"), pled guilty in the Montgomery County Circuit Court to second-degree theft of property. On November 2, 2007, the trial court sentenced Johnson, pursuant to Alabama's Habitual Felony Offender Act, to 15 years in prison. On November 26, 2007, the trial court modified her sentence to impose a split sentence, with three years of incarceration to be followed by three years of supervised probation. Johnson did not appeal her conviction and sentence or file any post-conviction petitions in state court challenging her conviction and sentence.

In her present petition, filed on April 28, 2009, Johnson requests jail credit for the time she was out on bond before she pled guilty and was sentenced. (*Doc. No 1 at p. 6.*) For

the reasons that follow, she is not entitled to federal habeas relief.

## II.   DISCUSSION

In order to state a claim for habeas corpus relief, a petitioner must establish that she is being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Johnson's claim asserts no constitutional violation or other violation of her rights. She has no right under the Constitution or laws or treaties of the United States to be awarded jail credit for time she spent out on bond (while she was clearly not in jail). Moreover, Alabama law provides that the only jail credit given is for time actually incarcerated. Section 15-8-5, Ala. Code 1975, specifically provides that, after conviction, "the sentencing court shall order that the convicted person be credited with all of his actual time spent *incarcerated* pending trial for such offense." (Emphasis added.) Therefore, Johnson fails to state a claim for federal habeas relief.

To the extent Johnson's petition may be construed to assert a claim that the trial court erred by failing to award her jail credit when sentencing her, and to the extent such an assertion may be deemed to present a constitutional claim challenging the validity of her sentence, Johnson's petition is time-barred by the one-year limitation period for § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Because Johnson did not appeal her conviction and

---

[1]The limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(continued...)

sentence, the conviction became final 42 days after her November 26, 2006 sentencing, i.e., on January 7, 2008. *See* Ala.R.App.P. 4(b)(1); *McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that for purposes of determining the AEDPA limitation period, where the defendant did not seek a direct appeal from his convictions, his convictions became final on the date that his right to appeal expired). Johnson did not file a state post-conviction petition

---

[1](...continued)

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by sJohnson makes no effort to seek harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) or to asserting a basis for either equitable tolling of the limitation period in her case. uch State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

challenging her conviction that would have tolled the running of the limitation period. Therefore, the limitation period applicable to her conviction expired on January 7, 2009. However, she filed the instant habeas petition on April 13, 2009, after the limitation period had run. She makes no effort to seek safe harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) or to assert a basis for equitable tolling of the limitation period in her case. Therefore, any challenge to the validity of her conviction and sentence is untimely.

### III.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Johnson be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **June 6, 2011,** the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May, 2011.

                /s/Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE